**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
ALTAGRACIA DIAZ,                                    :
on behalf of plaintiff and all                      :
others similarly situated,                          :
                                                    :
                          Plaintiffs,               :
                                                    :        **COMPLAINT - CLASS ACTION**
        v.                                          :
                                                    :
FCI LENDER SERVICES, INC.,                          :
                                                    :
                          Defendant.                :
-------------------------------------------------------------x

## INTRODUCTION

1.      Plaintiff brings this action against FCI Lender Services, Inc. ("FCI"), to secure redress from unlawful collection practices.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union,*

*LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

8.      Venue and personal jurisdiction in this District are proper because:

   a.      Defendant's New York registered agent is located in this District;

   b.      Defendant does or transacts business within this District.

## PARTIES

9.      Plaintiff Altgracia Diaz is an individual who resides in a single-family home which she owns in Mineola, New York.

10.      Defendant FCI is a California corporation with its primary place of business at 8180 East Kaiser Boulevard, Anaheim Hills, California 92808. It does business in New York. Its registered agent and office is National Corporate Research, Ltd., 10 East 40th Street, 10th Floor, New York, New York 10016.

11.      FCI  is engaged in the business of servicing residential mortgage loans for owners of the loans.

12.      Many of the loans which FCI services are in default when FCI first becomes involved with them.  Typically, loans are treated as in default by FCI when 90 days behind.

13.      This is a regular part of FCI's business activities.

14.      FCI holds itself out as a "special servicer," i.e., one which has expertise in handling defaulted loans for their owners and effectively integrating them onto its servicing platform.  FCI obtains ratings as a "special servicer."

15.      On information and belief, many loans for which FCI provides "special servicing" are in New York.

2

16.    FCI uses the mails and telephone system in conducting its business.

17.    FCI states on its website, http://www.trustfci.com/SpeacialtyLoanServicing.html, that "On the Specialty Loan Servicing Full Collection Program FCI is the Servicer acting at the direction of its Lender Clients (Owner of the Notes) to rapidly turn Delinquent Loans and Loan Pools into cash by facilitating the restructure of loans, or by foreclosing so the Lender can sell the properties. It is staffed by experts at skip trace, collection, workouts, foreclosures, and property sales."

18.    Because it regularly collects defaulted debts for others, and the debts are in default when it first becomes involved with them, FCI is a debt collector as defined by the FDCPA.

## FACTS

19.    Defendant has been attempting to enforce against plaintiff a residential mortgage loan entered into for personal, family or household purposes, namely, housing.

20.    The loan was in default when FCI first became involved with it.

21.     FCI first became involved with the loan about June 2017. (Exhibit A)

22.    A foreclosure action had been filed with respect to the loan in 2013.

23.    Prior to the filing of the foreclosure action, the loan had been accelerated.

24.    During 2017, defendant sent plaintiff monthly statements.  The one for June 26, 2017 is attached as Exhibit B and that for July 27, 2017 as Exhibit C.

25.    The statements were printed or computer generated forms, filled out by computer.

26.    Each statement announces that "If payment is received after July1, 2017, $80.75 late fee will be charged."

27.    On or about July 10, 2017, a motion for summary judgment seeking a judgment for the entire accelerated loan balance had been filed against plaintiffs on the  loan that was the subject of Exhibits B-C.  (Exhibit D)

28.    A copy of the alleged note is in Exhibit E and the alleged mortgage in Exhibit F.

3

29.     The note provides for late charges on an "overdue payment of principal and interest" and says nothing about late charges after acceleration.

30.     After a loan has been accelerated, there are no overdue payments of principal and interest.

31.     Because the loan had been accelerated, no late fees were permissible. *Carreras v. Weinreb,* 33 A.D.3d 953, 955, 826 N.Y.S.2d 72 (2d Dept. 2006); *Green Point Sav. Bank v. Varana*, 236 A.D.2d 443, 653 N.Y.S.2d 656 (2d Dept. 1997).

32.     The alleged note and mortgage are written on standard forms.  The language concerning late charges is standard in residential mortgage loans.

33.     On information and belief, defendant has engaged in a pattern and practice of stating that late fees may be charged on accelerated loans.

## COUNT I

34.     Plaintiff incorporates paragraphs 1-33.

35.     The statement that late charges may be imposed on a loan that has been accelerated is false and violates 15 U.S.C. §1692e.

36.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

4

37.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

38.    The class consists of (a) all individuals (b) to whom FCI sent a monthly statement (c) addressed to the same address as the "property address," (d) with respect to a loan that was over 90 days behind at the time FCI began servicing it, according to the records of FCI, (e) and had been accelerated at the time the monthly statement had been sent (f) where the monthly statement referred to late charges for late payments and (g) the monthly statement was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

39.    On information and belief, based on the size of defendant, the use of printed or computerized forms, and the use of computers to fill out the forms, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

40.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is are whether defendant's reference to late charges on an accelerated loan  violates the FDCPA.

41.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

42.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights.

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

5

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

        i.        Statutory damages;

        ii.       Attorney's fees, litigation expenses and costs of suit;

        iii.      Such other and further relief as the Court deems proper.


s/ Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/ Tiffany N. Hardy</u>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com


T:\34157\Pleading\Complaint_Pleading.wpd

7