UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAGRACIA DIAZ, on behalf of plaintiff and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br><br>FCI LENDER SERVICES, INC.,<br><br>Defendant. | Case No. 1:17-cv-08686-AJN |

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
# MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

GREENSPOON MARDER LLP
Jeffrey A. Backman (admitted *pro hac vice*)
Roy Taub

590 Madison Avenue, Suite 1800
New York, NY 10022
-   and   -
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone:  (954) 491-1120
Facsimile:  (954) 333-4211
Jeffrey.Backman@gmlaw.com
Roy.Taub@gmlaw.com

*Attorneys for Defendant*

Defendant FCI LENDER SERVICES, INC. ("FCI"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff ALTAGRACIA DIAZ's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff is a serial plaintiff who has filed at least four other putative class action lawsuits with the same lawyers under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").[1] This lawsuit is their baseless and spurious attempt to concoct a fifth FDCPA putative class action upon a new loan servicer, FCI, taking over the servicing of Plaintiff's mortgage loan for a property in Nassau County in June 2017. Plaintiff premises this lawsuit upon a welcome letter from FCI and a response to her request for a payoff report. Although Plaintiff amended her initial Complaint to no longer include allegations that blatantly mischaracterize those documents, her new allegations only raise new pleading deficiencies. Meanwhile, the fundamental flaws that precluded her claim as a matter of law persist.

Highlighting the bogus nature of this lawsuit, Plaintiff continues to fail to allege that she has been injured in any way from the alleged misconduct. Nor could she, as there is no dispute that Plaintiff has been in default on her Mortgage for at least four years, and a foreclosure proceeding that was commenced in 2013 is still pending. In other words, Plaintiff has been living in her house for free for years, and nothing in the alleged communications caused her to be harmed or increased a risk of harm such as by inducing her to make a payment (for the first time in at least four years). Far from being injured by the communications attached to the FAC, it

---

[1] *See Diaz v. New Penn Financial, LLC*, 2:15-cv-04754-JS-GRB (E.D.N.Y.); *Diaz v. National Creditors Connection, Inc.*, 2:13-cv-03467-DRH-SIL (E.D.N.Y.); *Diaz v. Residential Credit Solutions, Inc.*, 2:12-cv-03781-ADS-AKT (E.D.N.Y.); *Campo and Diaz v. National Creditors Connection, Inc.*, 2:12-cv-01405-DRH-SIL (E.D.N.Y.).

appears Plaintiff requested all but the welcome letter from FCI to contrive this lawsuit.

Pursuant to settled law, Plaintiff's FAC should be dismissed because there is not a single well-pleaded fact of any violation of the FDCPA that the Court can credit and Plaintiff does not allege injury sufficient to establish standing. Plaintiff alleges that she received a "Borrower Welcome Letter" in June 2017 which states that *"[Y]our Creditor has provided FCI the following information* regarding the Total Amount Due on your Promissory Note . . . . Accrued Late Charges: $5,491.00." (FAC, Ex. B (emphasis added); *see also id.* at ¶ 25). Plaintiff also states that the payoff demand letter that she requested "shows accrued late charges in the amount of $80.75 being applied to plaintiff's account on June 1, 2017 and July 1, 2017." (*Id.* at ¶ 29; *see also* FAC, Ex. D). Plaintiff asserts that those representations are false and legally impermissible because her loan balance had long been accelerated, and thus the representations violates 15 U.S.C. §§ 1692(e)(2)(A), (5), and (10). (*Id.* at ¶¶ 33 & 38). That is the Plaintiff's sole claim in this case, for which she seeks to certify a nationwide class. FCI disputes that there was any violation of law or that a class can be certified, but as a matter of law Plaintiff's FAC should be dismissed for and failure to state a claim and lack of standing.

Plaintiff falls far short of stating a plausible, as opposed to conclusory or speculative, violation of the FDCPA. The FAC does not explain how anything in the "Borrower Welcome Letter" qualifies as a "statement that late charges may be imposed on a loan that has been accelerated." (*Id.* at ¶ 38). Nor does it state any facts to support the contention that the statement as to what information the "creditor" provided to FCI is false. While Plaintiff disputes the legal availability of a late charge, there is nothing false in FCI stating that that charge had been previously assessed. Nor is it clear how a reference to late charges in a payoff demand quote that Plaintiff requested could be deemed debt collection activity for purposes of the FDCPA.

2

Regardless, it would not have been false or inaccurate to assert that late fees could be charged. Plaintiff's Mortgage, which she referred to and claimed to attach to her FAC (but, yet again, does not appear in the referenced exhibit), permits the assertion of late fees on an accelerated loan balance in connection with the borrower's right to reinstatement. Plaintiff is thus mistaken on the law as well, and the Court should dismiss the FAC for failure to state a claim.

The FAC should also be dismissed for lack of standing. The Supreme Court has clarified that Article III's standing requirement is not satisfied where a plaintiff alleges only a mere violation of a statute but cannot point to any way in which he or she was harmed. That is precisely the situation here. Plaintiff does not allege that she has been injured in any way by the alleged FDCPA violation, nor can she given that she admits that her loan was accelerated and has been in foreclosure and unpaid for four years. The only apparent impact from the alleged procedural violation that can be reasonably inferred is the filing of this putative class action lawsuit by a person who was not injured seeking to certify a class that need not have any injured members. The FAC should be dismissed.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM

#### A. The Applicable Legal Standards

A motion pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do;'" rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 570. But a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement."' *Id.* (citing *Twombly*, 550 U.S. at 555). If there are insufficient factual allegations to raise a right to relief "above the speculative level," the complaint must be dismissed. *Twombly*, 550 U.S. at 555.

On a motion to dismiss, the Court may consider documents annexed to the complaint or incorporated by reference into the complaint without converting the motion into a motion for summary judgment. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext*, 62 F.3d at 72). "[W]here allegations set out in the complaint are contradicted by other matters asserted or by materials attached to or incorporated by reference in the complaint, the Court is not obliged to credit the allegations in the complaint." *Brown v. New York City Hous. Auth.*, No. 05 CIV. 10332 (VM), 2006 WL 1378599, *1 (S.D.N.Y. May 17, 2006).

### B. Plaintiff's FDPCA Claim Is Not Plausibly Stated

Plaintiff specifically contends that "[t]he statement that late charges may be imposed on a loan that has been accelerated is false and violates 15 U.S.C. §§1692e . . . ." (FAC at ¶ 38). The

4

FAC identifies only two such purported statements: first, that Plaintiff received a "Borrower's Welcome Letter" stating that her creditor had advised FCI that Plaintiff's debt consisted of "Accrued Late Charges" of $5,4591.00, (FAC at ¶ 25 & Ex. B); and, second, that the payoff demand letter she had requested from FCI "shows accrued late charges in the amount of $80.75 being applied to plaintiff's account on June 1, 2017 and July 1, 2017." (*Id.* at ¶ 29 & Ex. D).

Plaintiff alleges that such conduct violates 15 U.S.C. §§ 1692e(2), (5), and (10). *See* (FAC at ¶ 38). Those parts of Section 1692e read, in relevant part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
>
>   (A) the character, amount, or legal status of any debt; or
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Far from alleging facts sufficient to state a plausible claim for violation of Section 1692e, Plaintiff's FAC allegations reveal the absence of any such claim.

### 1. The "Borrower Welcome Letter" (Exhibit B)

First, the FAC does not explain how anything in the "Borrower Welcome Letter" qualifies as a "statement that late charges may be imposed on a loan that has been accelerated," (*id.* at ¶ 38), which is the basis of Plaintiff's FDCPA claim. As the document itself and Plaintiff's own allegations state, all that it asserts with respect to late charges is that "your Creditor has provided FCI the following information regarding the Total Amount Due on your Promissory Note . . . . Accrued Late Charges: $5,491.00." (*Id.* at Ex. B; *id.* at ¶ 25). Where, as

5

here, the allegations set out in a complaint are contradicted by the materials attached to the complaint as support for those allegations, the Court cannot credit the allegations. *See*, *e.g.*, *Key Items, Inc. v. Ultima Diamonds, Inc.*, No. 09 CIV 3729 HBP, 2010 WL 3291582, *12 (S.D.N.Y. Aug. 17, 2010) (rejecting complaint allegation where "the document to which this paragraph refers is annexed to the complaint" and was not as described); *Rapoport v. Asia Electronics Holding Co.*, 88 F.Supp.2d 179, 184 (S.D.N.Y. 2000) (holding that where documents relied on in drafting the complaint contradict the complaint, "the documents control and this Court need not accept as true the allegations of the amended complaint"). Indeed, the Second Circuit recently affirmed dismissal of a complaint alleging representations in violation of the FDCPA where "[t]hese allegations are flatly contradicted by the document itself," and "[b]ecause [plaintiff] does not allege any other deficiency in the document, . . . the amended complaint was properly dismissed." *Zirogiannis v. Seterus, Inc.*, No. 17-140-CV, 2017 WL 4005008, *3 (2d Cir. Sept. 12, 2017).

Second, the FAC is also devoid of any allegations that would plausibly render FCI's description of what Plaintiff's creditor allegedly informed FCI false. Plaintiff does not allege, for example, that her creditor had not provided FCI the information about late charges stated in the Borrower's Welcome Letter. Absent any such allegations, there is no plausible basis to contend that FCI's representation was false. *See Blanc v. Palisades Collection*, LLP, No. 06 CIV. 1626 (CLB), 2007 WL 3254381, *7 (S.D.N.Y. Nov. 1, 2007) ("[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.") (quoting *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006) (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)); *Michael v. Javitch, Block & Rathbone, LLP*, 825 F. Supp. 2d 913,

6

920 (N.D. Ohio 2011) ("The law does not require Defendant to verify the debt with the consumer prior to sending a validation notice. . . . [T]he purpose of the validation notice is to provide a consumer with specific information, including a process by which to verify the debt.") (citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992)).

### 2. The Demand Loan Payoff Report (Exhibit D)

Exhibit D is a "Demand Loan Payoff" report dated July 27, 2017 that, as Plaintiff admits, was generated at her request. (*See* FAC at ¶¶ 26-27 & Ex. D). Plaintiff alleges that the report "shows accrued late charges in the amount of $80.75 being applied to plaintiff's account on June 1, 2017 and July 1, 2017." (*Id.* at ¶ 29 & Ex. D). Even if so, the fact that Exhibit D was created and transmitted at Plaintiff's request means it was not made "in connection with the collection of [a] debt," a necessary predicate for a claim under 28 U.S.C. § 1692e. Courts in this Circuit "have consistently held that the FDCPA's protections are not triggered by communications initiated by someone other than the debt collector." *Araujo v. PennyMac Loan Servs., LLC*, No. 15-CV-00062 DLI LB, 2015 WL 5664259, *3 (E.D.N.Y. Sept. 23, 2015) (collecting cases). "Thus, the FDCPA does not apply to a communication reflecting a debt collector's ministerial response to a consumer inquiry." *Id.* That exemption includes a payoff report prepared in response to a request from a debtor. *See*, *e.g.*, *Boyd v. J.E. Robert Co.*, No. 05-CV-2455 KAM RER, 2012 WL 4718723, *18 (E.D.N.Y. Oct. 2, 2012) (holding that communications made for informational purposes and to respond to requests for payoff quotes did not qualify as debt collection activities). Accordingly, Plaintiff cannot base an FDCPA claim upon Exhibit D.

### C. Regardless, Plaintiff's Mortgage Permits the Late Charges at Issue

Finally, even if Plaintiff had well-pleaded facts regarding an actionable representation by FCI about the charging of late fees, such a charge is permitted by the express terms of Plaintiff's

7

Mortgage, and therefore, as a matter of law, there was no falsehood or inaccuracy that could furnish the basis for an FDCPA claim.

Plaintiff misstates New York law on whether late fees can be charged on accelerated balances. Plaintiff erroneously alleges in absolute terms that "[b]ecause the loan had been accelerated, no late fees were permissible." (FAC at ¶ 33) (citing *Carreras v. Weinreb*, 33 A.D.3d 953 (2d Dep't 2006); *Green Point Sav. Bank v. Varana*, 236 A.D.2d 443 (2d Dep't 1997)). But those very decisions provide that only "*in the absence of a provision providing otherwise*, . . . late charges for nonpayment of installments claimed to be due after acceleration cannot be collected." *Green Point Sav. Bank v. Varana*, 236 A.D.2d 443, 443 (2d Dep't 1997) (emphasis added). *See also Carreras v. Weinreb*, 33 A.D.3d 953, 955 (2d Dep't 2006) ("*In the absence of a provision in the mortgage to the contrary*, the collection of late fees after a mortgage note has been accelerated is impermissible.") (emphasis added).

Plaintiff (***once again***) did not attach her Mortgage to the FAC. (Plaintiff claims to have attached it as Exhibit F, but that is inaccurate). A true and correct copy of Plaintiff's Mortgage is attached to the accompanying Declaration of Roy Taub as Exhibit A.[2] The terms of the Mortgage preclude Plaintiff's claim, in particular the provision permitting reinstatement of the Mortgage, which states in relevant part:

> Even if Lender has required Immediate Payment in Full [*i.e.*, accelerated the balance], I may have the right to have enforcement of this Security Instrument stopped. I will have this right at any time before the earliest of: (a) five days before sale of the Properly under any power of sale granted by this Security Instrument; (b) another period as Applicable Law might specify for the termination of my right to have enforcement of the Loan stopped; or (c) a judgment has been entered enforcing this Security Instrument. *In order to have*

---

[2] As mentioned above, although not attached to the FAC, the Court can consider the Mortgage on this motion to dismiss because the FAC "relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." *Chambers*, 282 F.3d at 153 (internal quotation omitted).

8

*this right, I will meet the following conditions*:

(a) ***I pay to Lender the full amount that then would be due under this Security Instrument and the Note as if Immediate Payment in Full had never been required***;

(b) *I correct my failure to keep any of my other promises or agreements made in this Security Instrument*;

(c) I pay all of Lender' s reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, properly inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Properly and rights under this Security Instrument; and

(d) I do whatever Lender reasonably requires to assure that Lender's interest in the Property and rights under this Security Instrument and my obligations under the Note and under this Security Instrument continue unchanged.

Taub Decl., Ex. A at § 19 (emphases added).

The language quoted above provides a clear and unambiguous contractual basis for the collection of post-acceleration monthly late fees. The lead decision on this question is the Seventh Circuit's ruling in *Rizzo v. Pierce & Associates*, 351 F.3d 791, 794 (7th Cir. 2003), in which the Seventh Circuit found virtually identical language permitted the lender to assess monthly late fees on an accelerated basis and thus there was no violation of the FDCPA:

> The note provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due. The reinstatement provision of the mortgage language requires payment of all sums "***which would then be due . . . had no acceleration occurred***." The effect of this, from the plain language of the instrument, is retroactive. In other words, the monthly payments are deemed to have been due each and every month on the dates set out in the mortgage and note. We find this language to unambiguously require plaintiffs to pay the late fees.
>
> The plaintiffs claim that the collection of late fees under this mortgage and note violates the FDCPA. . . . . We cannot find any false or misleading representations nor can we deem the collection of late fees unfair or unconscionable. ***The terms of the note and mortgage explicitly require payment of all sums which would then be due had no acceleration occurred***. We hold that defendants have not violated the FDCPA.

9

*Rizzo*, 351 F.3d at 793–94 (internal citations omitted) (emphases added).

There is no question that Plaintiff's Note permits the assessment of late fees when a monthly payment had not been made within fifteen days of the due date. (*See* FAC, Ex. E at § 6). Nor can there be any question that the reinstatement provision of the Mortgage requires payment of all amounts that would be due as if no acceleration had ever occurred. (*See* Taub Decl., Ex. A at § 19). To slightly paraphrase another court,

> [t]he clause "[as if Immediate Payment in Full had never been required]" gives a noteholder the legal right to treat the note as if it had not been accelerated for purposes of reinstatement. Had no acceleration occurred, monthly payments would have continued to become due, and the noteholder would have been entitled to assess late fees on those sums that were past due. Accordingly, "[if Immediate Payment in Full had never been required]" Plaintiff[ ] would be obligated to pay late fees in order to exercise [her] right of reinstatement. ***Thus, Defendant had a contractual and legal right to require payment of post-acceleration late fees if Plaintiff[ ] reinstated the loan. Consequently, so long as Plaintiff[ ] still retained the right to reinstate, attempts to collect post-acceleration late fees were not unlawful***.

*Patel v. Seterus, Inc.*, No. 614CV1585ORL41GJK, 2015 WL 13547010, *4 (M.D. Fla. June 19, 2015) (dismissing FDCPA claim with prejudice) (emphasis added). *See also*, *e.g.*, *Antoine v. Carrington Mortg. Servs., LLC*, No. 0:17-CV-61216-WPD, 2017 WL 3404389, *2 (S.D. Fla. Aug. 8, 2017) ("Plaintiff's FDCPA claims in the instant case fail because the terms of the subject note and mortgage authorized the collection of post-acceleration late fees for overdue payments, including after acceleration. Thus, Defendant had a contractual and legal right to include those late fees in the monthly mortgage statement(s) at issue and their inclusion would not have violated the FDCPA.") (internal citation omitted).

For the same reasons found by the above-cited courts involving similar right of reinstatement language, Plaintiff's Note and Mortgage permit late fees to be charged upon an accelerated balance, and therefore Plaintiff cannot state an FDCPA claim as a matter of law.

Accordingly, this claim should be dismissed with prejudice.

## II. THE COURT LACKS SUBJECT-MATTER JURISDICTION

Finally, even if Plaintiff is deemed to have plausibly stated a cause of action under the FDCPA, the FAC should be dismissed for lack of standing. Plaintiff fails to allege that she suffered any concrete injury from the alleged FDCPA violation.

### A. The Applicable Legal Standards

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to assert lack of subject-matter jurisdiction as a defense by motion. To assert federal subject-matter jurisdiction, a party must have Article III standing, that is, "the personal interest that must exist at the commencement of the litigation." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). "'The party invoking federal jurisdiction bears the burden of establishing the[ ] elements' of Article III standing . . . ." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1997)).

On a Rule 12(b)(1) motion, the challenge to subject-matter jurisdiction may be facial or fact-based. *Carter*, 822 F.3d at 55. When considering a facial challenge, a court must determine whether the pleading "allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Id*. (quoting *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)). For purposes of a 12(b)(1) facial challenge, a court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff asserting jurisdiction. *Id.* (citing *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008); *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). In contrast, to support a fact-based 12(b)(1) challenge, a defendant may proffer evidence beyond the pleadings. *Id.* (citing *Amidax*, 671 F.3d at 145). To oppose such a motion, a plaintiff must

present controverting evidence "if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems" with respect to jurisdiction. *Id.* (quoting *Exchange Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### B. Plaintiff Lacks Standing

Article III of the Constitution gives federal courts jurisdiction over "cases and controversies." U.S. Const. art. III § 2, cl. 2. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing, therefore, is a threshold issue in every federal case. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004); *Warth*, 422 U.S. at 517–18. In order to ensure that the bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper party to bring suit. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (citing *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP,* 549 F.3d 100, 106 (2d Cir. 2008)). A plaintiff bears the burden of alleging facts that demonstrate its standing. *Amidax*, 671 F.3d at 149 (citing *Green Island Power Auth. v. Fed. Energy Regulatory Comm'n,* 577 F.3d 148, 159 (2d Cir. 2009)).

To establish standing under Article III, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Friends of the Earth, Inc., v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). Here, Plaintiff fails to allege an injury that is concrete.

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist. When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,'

12

and not 'abstract.'" *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (U.S. 2016) (internal citation omitted). Injury-in-fact must be shown even where, as here, only statutory damages are sought. *See Haven's Realty Corp v. Coleman*, 455 U.S. 363, 372 (1982). Indeed, the Supreme Court recently held that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S.Ct. at 1549. Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

The Second Circuit recently explained, in a decision affirming dismissal of a complaint alleging a statutory violation for lack of standing, "the critical question for standing purposes is 'whether the particular procedural violations alleged in this case entail *a degree of risk* sufficient to meet the concreteness requirement.'" *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 80 (2d Cir. 2017) (quoting *id.* at 1550). *See also Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 118 (2d Cir. 2017) (same). Accordingly,

> "even where Congress has accorded procedural rights to protect a concrete interest, a plaintiff may fail to demonstrate concrete injury where violation of the procedure at issue presents no material risk of harm to that underlying interest." A central inquiry, then, is whether the particular bare procedural violation may present a material risk of harm to the underlying concrete interest Congress sought to protect.

*Paris Baguette*, 861 F.3d at 80-81 (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016)).

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

13

consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FAC runs afoul of *Spokeo* because, assuming it even plausibly asserts a bare procedural violation, it is bereft of any claim of harm or a risk of harm of the nature Congress sought to protect in enacting the FDCPA. Indeed, ***nowhere at all*** in the FAC does Plaintiff allege that she has been ***injured in any* way** by the alleged FDCPA violation of the representation regarding a potential late fee charge.

Any potential assertion of concrete injury or a risk of harm is exceedingly implausible for Plaintiff, given that the underlying loan has been in foreclosure for four years, the loan balance was accelerated before that foreclosure action was commenced, and the entire accelerated loan balance remained unpaid as of July 2017, when a motion for summary judgment was filed in the foreclosure action. (*See* FAC at ¶¶ 21-24). Plaintiff does not state, nor could she plausibly state, that she was affected, at greater risk for any harm, or impacted in any way by the alleged representation about a potential late fee charge on a loan for which she has not paid in years. It appears that the only action that the alleged violation prompted is this lawsuit.

Thus, even if the FDCPA claim were sufficiently alleged, (and for the reasons set forth in the preceding section, it is not), a bare procedural violation of the FDCPA without any concrete harm fails to establish the concrete injury that is required for purposes of standing. Plaintiff's failure to allege ***any*** injury whatsoever flouts Article III's requirements and reinforces that no concrete injury has been alleged in this case, never mind with the sufficiency required to defeat a Rule 12(b)(1) motion. *Accord Gathers v. CAB Collection Agency, Inc.*, No. 3:17CV261-HEH, 2017 WL 2703686, at *5 (E.D. Va. June 22, 2017) ("Plaintiff's mere allegation of a failure to disclose the disputed status of her debt is insufficient to confer constitutional standing . . . . Plaintiff is thus left with a statutory violation divorced from any real world effect.") (internal quotation omitted); *Mishniot v. Int'l Recovery Sys. Ltd.*, No. 216CV01061JADPAL, 2017 WL

14

714345, *2 (D. Nev. Feb. 22, 2017) ("None of Mishniot's allegations plausibly suggests that he was concretely injured when NRS sent him a single letter asking that he pay a debt."); *May v. Consumer Adjustment Co., Inc.*, No. 4:14CV166 HEA, 2017 WL 227964, *3 (E.D. Mo. Jan. 19, 2017) ("Plaintiff does not argue she suffered any concrete harm from the failure to disclose the 'accurate amount' of the debt, *i.e.* the principal plus accruing interest. . . . This fact pattern falls within the Supreme Court's illustration of a statutory violation that would not amount to concrete injury."); *Perry v. Columbia Recovery Group, LLC*, No. C16-0191JLR, 2016 WL 6094821, *6 (W.D. Wash. Oct. 19, 2016) ("Mr. Perry's receipt of Columbia's allegedly deficient letter did not create the 'risk of real harm' that he would be confused or misled as to his rights under federal law as the target of a debt collector because, as indicated above, he did not allege that the debt was incorrect or that he ever intended to dispute the debt or to request the name or address of the original creditor."); *Chad & Courtney Provo v. Rady Children's Hosp. - San Diego*, No. 15CV00081-JM(BGS), 2016 WL 4625556, *2 (S.D. Cal. Sept. 6, 2016) (dismissing FDCPA claim for lack of standing where, "while Plaintiffs allege that CMRE violated the FDCPA and Rosenthal Act by sending the January 2, 2015, letter, nowhere in the FAC do they plead any harm or material risk of harm that they suffered as a consequence").[3]

---

[3] FCI acknowledges that the Second Circuit has found concrete injury in the context of alleged FDCPA violations. *See Zirogiannis*, *supra*, 2017 WL 4005008 (summary order); *Papetti v. Does 1-25*, 691 F. App'x 24 (2d Cir. 2017) (summary order). Those summary orders, however, lack precedential effect and therefore need not be followed. *See Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696, 702 n.4 (2d Cir. 2009). Even in the event the Court agrees with the reasoning in those decisions, and concludes that a mere alleged FDCPA violation may permit the reasonable inference of concrete injury, there are no grounds for any such inference in this case. Plaintiff concedes that her loan has been unpaid and in foreclosure proceedings for four years, and does not allege any reliance upon or even that she read the alleged representations (which appear nowhere in the materials attached to the FAC). Plaintiff does not even pretend that she herself was harmed, as the FAC is devoid of any such allegation. At bottom, Plaintiff fails to allege facts stating that she has suffered any concrete injury required to have standing to assert a statutory violation – indeed, she does not even attempt to do so.

**CONCLUSION**

Plaintiff alleges no well-pleaded facts that state a plausible violation of the FDCPA, and even if she had, the Mortgage permits late fee charges on Plaintiff's accelerated loan balance, so there could be no FDCPA violation as a matter of law. Moreover, Plaintiff fails to plausibly allege standing, as she never claims that she was injured in any way. Accordingly, Defendant FCI Lender Services, Inc. respectfully requests that the Court enter an order dismissing the FAC with prejudice and providing for any further relief that the Court deems just and appropriate.

Dated: February 2, 2018

Respectfully submitted,

GREENSPOON MARDER LLP[4]

By: */s/ Roy Taub*
   Jeffrey A. Backman (admitted *pro hac vice*)
   Roy Taub

590 Madison Avenue, Suite 1800
New York, NY 10022
   - and -
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 333-4211
Jeffrey.Backman@gmlaw.com
Roy.Taub@gmlaw.com

*Attorneys for Defendants*

---

[4] On January 1, 2018, Greenspoon Marder, P.A. became Greenspoon Marder LLP.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF thereby notifying the following parties of record below on this 2nd day of February 2018.

> EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
> Tiffany Nicole Hardy
> 120 S. LaSalle Street, Suite 1800
> Chicago, IL 60603
> Tel: (312)-917-4507
> Fax: (312)-419-0379
> Email: thardy@edcombs.com
>
> KLEINMAN LLC
> Abraham Kleinman
> 626 RXR Plaza
> Uniondale, NY 11556-0626
> (516) 522-2621
> (888) 522-1692 (FAX)
> akleinman@akleinmanllc.com
>
> *Attorneys for Plaintiff*

> /s/ Roy Taub
> ROY TAUB