**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTAGRACIA DIAZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FCI LENDER SERVICES, INC.,<br><br>Defendant. | CLASS ACTION<br><br>1:17-08686-AJN |

**PETITION FOR, AND MEMORANDUM IN SUPPORT OF, AWARD
OF CLASS COUNSEL'S FEES AND COSTS**

Pursuant to the parties' settlement agreement in this case, Class Counsel respectfully petitions the Court for an attorney's fees award of $35,000.

Counsel for Plaintiff includes experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

**I.      OVERVIEW OF THE CASE**

Plaintiff, Altagracia Diaz ("Plaintiff" or "Diaz") commenced this class action against Defendant FCI Lender Services, Inc., ("FCI"), on November 9, 2017 alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").   The Complaint alleged that FCI violated the FDCPA by sending a document to Plaintiff and the class members that represented that late charges may be imposed on a loan that has been accelerated.  On December 29, 2019 Defendant filed a Motion to Dismiss the Complaint.

Subsequently on January 19, 2018, Plaintiff filed a First Amended Complaint. On February 2, 2018, Defendant again filed a Motion to Dismiss the Amended Complaint pursuant

1

to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Defendant's Motion to Dismiss was fully briefed on March 9, 2018. On September 28, 2018, this Court entered a Memorandum Opinion and Order denying Defendant's Motion to Dismiss. (Dkt# 41).

Following the Court's decision, the parties engaged in arms-length settlement negotiations, which resulted in the instant class action settlement. Defendant denies all factual and legal allegations in the Amended Complaint and the Court has not made a finding of liability against Defendants.

Prior to reaching a class-wide settlement, the parties engaged in informal discovery concerning the Plaintiff, the claim, the putative class, and the amount of the Defendant's net worth. At the time of the settlement, the parties' respective theories of the case were known and well-developed. After reaching a class-wide settlement, the parties jointly drafted and finalized the settlement documents.

The Settlement provides a substantial benefit to the class members. The Total Settlement Amount is $105,000.00 which is inclusive of the Class Members' recovery (statutory and actual damages), Class Counsel's Attorney's fees, and the Representative Plaintiff's statutory damages and Representative Award.

**II. PRELIMINARY APPROVAL**

On August 8, 2019, this Court entered an order granting preliminary approval to the parties' settlement (Dkt No. 64). In accordance with the terms of the Settlement Agreement, the Defendant shall pay a total of $105,000.00 which shall be distributed as follows:

1. Defendant shall pay Sixty-Five Thousand Dollars ($65,000.00) to a third-party Class Administrator for the establishment of a Class Settlement Fund to be divided pro rata among the Class Members whose (1) Notice is not returned as undeliverable; (2) Notice is returned with

a forwarding address to which the Notice is re-mailed and not returned as undeliverable; or (3) Notice is sent to an address located by skip-tracing and the Notice is not returned as undeliverable. However, no class member shall receive a *pro rata* payment from the class settlement fund in excess of $5,000.00. Each class member shall receive a recovery of approximately $764.70.

2. Subject to court approval, Plaintiff and Class Representative, Altagracia Diaz, shall receive $5,000.00 for her actual and statutory damages as well as for her service as Class Representative.

3. Subject to court approval, Class Counsel, Edelman Combs Latturner & Goodwin, LLC and Kleinman, LLC shall receive $35,000.00 for their reasonable attorney's fees and costs incurred.

Pursuant to the Court's preliminary approval order, Class Counsel, Edelman Combs Latturner & Goodwin, LLC ("ECLG") and Kleinman, LLC ("Kleinman"), hereby petition the Court for (1) an award of $35,000.00 for their reasonable attorney's fees and costs and (2) an incentive award on behalf of Altagracia Diaz for $5,000.00 each for her actual and statutory damages and for her service as Class Representative, and as such submit this memorandum in support of their petition.

As of the date of filing, ECLG alone has spent over 85 hours and expended over $30,000 in litigating this action. This does not include the time and costs expended by Kleinman, LLC, wherein Mr. Kleinman has spent over 25 hours and expended $10,000.00 in attorney's fees litigating this action. Here, Class Counsel's lodestar exceeds the amount of the fee award.

### III. CLASS COUNSEL'S PETITION FOR $35,000.00 IN FEES AND COSTS IS FAIR AND REASONABLE

#### A. The Time Class Counsel Expended On Litigating This Case Was Reasonable

To date, Class Counsel has expended more than 110 hours litigating this case. ECLG expended over 85 hours and Kleinman, LLC expended over 25 hours. Most of those hours were expended on the following tasks:

1. **Pre-Complaint Legal and Factual Investigation**. Class Counsel began conducting a factual and legal investigation of the Plaintiff's claims in September 2018 when preparing to file the complaint. This investigation included an investigation of the Defendant. The investigation also included a review of the Plaintiff's documents, case law and its application to the facts at issue, as well as any potential defenses that Defendant might raise.

2. **Complaint**. Once the initial factual and legal research had been completed, Class Counsel drafted, prepared, and filed the initial complaint. Additionally, Class Counsel engaged in correspondence with Plaintiffs at the inception of the case and throughout.

3. **Discovery**. Class Counsel engaged in informal discovery concerning the class size and the amount of the Defendant's net worth.

4. **Motion Practice.** Class Counsel drafted and filed a well-researched opposition to Defendant's Motion to Dismiss.

5. **Settlement**. Class Counsel negotiated a class settlement. Thereafter, Class Counsel prepared the initial drafts of the Class Settlement documents. After the initial draft of the settlement documents were prepared, Class Counsel and counsel for Defendant engaged in numerous telephone conferences, email exchanges and revisions to the class settlement documents resulting in the finalized draft of documents that was filed in connection with the Parties Joint Motion for Preliminary Approval of the Class Settlement.

The foregoing does not reflect all the work Class Counsel performed in litigating this case. It does not reflect all the conferences between and among Class Counsel, conferences between ECLG attorneys, communications between Class Counsel and the Plaintiff, and sundry other tasks. Moreover, Class Counsel will incur additional fees and costs in wrapping up the case, including the drafting of a final approval memorandum, attendance at the fairness hearing, and responding to calls from class members when they receive notice of the settlement and their settlement checks (assuming the settlement is given final approval).

## IV. THE REPRESENTATIVE AWARD TO PLAINTIFFS IS FAIR AND REASONABLE.

The Settlement provides for payment of $5,000.00 to Altagracia Diaz for her actual and statutory damages and for her service as Class Representative. Ms. Diaz's contributions were integral to the initiating of the class action lawsuit and she made significant contributions to the continued prosecution and advancement of the lawsuit.

Ms. Diaz provided factual information concerning the communications she received from the Defendant as well as the status of her loan at issue and assisted with the allegations set forth in the Complaint and the Amended Complaint. Absent the participation of the Plaintiff, this case would not have been brought, and the Class Members would not receive the significant recovery provided by this settlement. Here, the Class Members will receive approximately $764.70 for a FDCPA claim wherein the maximum statutory recovery is $1,000.00.

Additionally, Ms. Diaz remained committed to pursuing the case on a class basis despite receiving an individual settlement offer from Defendant. At any point during the pendency of this case, Ms. Diaz could have instructed her counsel to abandon the litigation and attempt to negotiate an individual settlement on her behalf in order to expedite and increase her own recovery.

Courts have granted incentive awards to class representatives. In *re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1041 (N.D. Ill. 2011) (awarding $5,000 to class representatives who were not called on to answer discovery).

Incentive awards compensate class representatives for their service and willingness to accept the risk of paying Defendant's attorney's fees and costs in the event of an unsuccessful outcome[1]. Such reasonable enhancement payments are routinely approved by courts. See e.g., *Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998) (approving incentive payment to plaintiff); *see also Ingram v. Coca Cola Co.,* 200 F.R.D. 685, 694 (N.D. Ga. 2001) ("Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation*"); see Garland v. Cohen & Krassner*, 08-cv-4626, 2011 U.S. Dist. LEXIS 136622 (E.D.N.Y. Nov. 29, 2011) (approving an incentive award payment to plaintiff); *Gross v. Washington Mutual Bank, et al.*, 02-cv-4135, 2006 U.S. Dist. LEXIS 16975 (E.D.N.Y., Feb. 8, 2006); *O'Connor v. AR Resources, Inc.*, 3:08-cv-1703, 2012 U.S. Dist. LEXIS 861 (D. Conn. Jan. 4, 2012) ("Service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff").

In light of the foregoing, the amount of the class representative's recovery is appropriate.

## IV. CONCLUSION

In light of the results achieved for class members, and the length of time and difficulty in achieving those results, an award of $35.000 to Class Counsel is fair and reasonable.

---

[1] §1692k provides that a plaintiff may be responsible for defendant's attorneys' fees if a determination is made that an action was brought in bad faith or for purposes of harassment.

Additionally, an award of $5,000.00 to Altagracia Diaz is a reasonable incentive award for her service to the Class.

For the foregoing reasons, the Court should find that (1) $35,000.00 is fair and reasonable and award that amount to Class Counsel in fees and costs, and (2) $5,000 for Altagracia Diaz is a fair and reasonable incentive award.

Respectfully,

/s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556
(516) 522-2621
(888)522-1692 (FAX)

**CERTIFICATE OF SERVICE**

      I, Tiffany N. Hardy, hereby certify that on September 6, 2019, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon all counsel of record.

      Respectfully submitted,

*/s/ Tiffany N. Hardy*
Tiffany N. Hardy


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)