USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAGRACIA DIAZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FCI LENDER SERVICES, INC.,<br><br>Defendant. | CLASS ACTION<br><br>1:17-08686-AJN<br><br>**FINAL APPROVAL ORDER** |

Upon consideration of the Parties' request for final approval of the Class Action Settlement Agreement (the "Agreement") between plaintiff Altagracia Diaz ("Plaintiff"), individually and as representative of the class defined below ("Settlement Class"), and Defendant, FCI Lender Services, Inc. ("FCI" or "Defendant"), the Court makes the following orders and findings. Unless otherwise noted, defined terms are used as stated in the Agreement.

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Settlement Class Members and Defendant.

2. The following Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> (a) all individuals (b) with a loan that was more than 90 days behind at the time FCI began servicing it, according to the records of FCI, (c) with a corresponding address as the "property address", (d) that had been accelerated, (e) where FCI sent the individual a document that referred to late charges (f) accrued since acceleration (g) where the document was sent at any time during a period beginning November 9, 2016 and ending November 29, 2017.

3. Based on the Parties' stipulations, which are made only for purposes of settlement: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class Members, and included whether Defendant violated the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq*. by sending plaintiff and the class members collection communications that state that late fees may be charged on an accelerated loan.; (C) the claim of Plaintiff is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Settlement Class and her attorneys, Kleinman, LLC and Edelman Combs Latturner & Goodwin, LLC are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed Notice of the settlement was successfully sent to 109 class members of the total 119. Only 1 person in the Settlement Class requested exclusion, and no objections were filed or received.

5. Each Class Member whose notice was successfully mailed will receive a check for $764.70 from the $82,587.60 Class Settlement Fund.

6. On November 7, 2019, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited. No Class members appeared in Court.

7. The Court finds that the Agreement's provisions for notice to the Settlement Class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

8. Specifically, the Court finds that the Settlement Class is so numerous that joinder of all members is impracticable.

9. There are questions of law and fact common to the Settlement Class members.

10. The individual claims of Plaintiff are typical of the claims of the Settlement Class members.

11. Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class members.

12. The questions of law and fact common to the Settlement Class members predominate over any individual issues.

13. A class action is superior to other methods of adjudicating the claims of the Settlement Class.

14. The Court finds that the Agreement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties.

15. The Court orders Defendant to pay the total amount of $82,587.60 to the Class Administrator within 21 days after the Effective Date for distribution to the class members in accordance with the terms of the parties' Settlement Agreement. The total of $82,587.60 shall be distributed equally amount the 108 Class members whose Notices were successfully mailed, and who did not request exclusion from the Class.

16. The Court having carefully reviewed Class Counsel's petition for Attorneys' fees, hereby finds that the award of attorneys' fees sought by Class Counsel is fair and reasonable to the Settlement Class and the Court approves an award of Attorneys' Fees to Class Counsel in the amount of $35,000.00 to be paid by Defendant within 21 days after the Effective Date in accordance with the terms of the parties' Settlement Agreement.

17. The Court hereby approves a payment of $5,000.00 to Altagracia Diaz for her actual and statutory damages and for her service as Class Representative, to be paid by Defendant within 21 days after the Effective Date in accordance with the terms of the parties' Settlement Agreement.

18. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

19. The Court hereby approves the Legal Aid Society as the *cy pres* recipient, subject to the terms of the Agreement.

20. The Court retains exclusive jurisdiction over the parties and the Settlement Class members to enforce the terms and provisions of the Agreement and this Order.

21. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____
Honorable Alison J. Nathan
United States District Court

Dated: 8/7/20

Case 1:17-cv-08660-AJN Document 152 Filed 08/07/20 Page 4 of 4